IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES STROUSE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-cv-473-DWD |
| | ) |
| WARDEN OF UNITED STATES PENITENTIARY-MARION, | ) ) |
| | ) |
| Respondent. | ) |

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

**DUGAN, District Judge:**

On April 28, 2020, in Case No. 20-cv-0381-JPG, Petitioner James Strouse filed an emergency motion for preliminary injunction and/or temporary restraining order without first filing a complaint. The motion was denied without prejudice on April 29, 2020, and Strouse was directed to file a complaint before seeking emergency relief. In lieu of a complaint, Strouse moved for leave to pursue relief via a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. His motion was granted, and the above-captioned habeas action was opened.

Strouse filed the instant action while he was an inmate in the custody of United States Penitentiary-Marion ("Marion") in Marion, Illinois, within the Southern District of Illinois. In his petition, Strouse alleges that he was transferred to the security housing unit (SHU) at Marion on March 2, 2020, and shortly thereafter received disciplinary citations. According to Strouse, he was held in the SHU on the citations without the opportunity to be heard at required disciplinary hearings. He sought relief from the Court including

dismissal of his disciplinary tickets for failure to prosecute, an order directing the warden to address grievances he filed, and an order restraining prison officials at Marion from placing him in segregation without the appropriate disciplinary hearings.

Pursuant to Administrative Order No. 277, this action was transferred to the undersigned District Judge on October 6, 2020. (Doc. 5). The Court mailed a copy of the order reassigning this case to Strouse at Marion, but it was returned as undeliverable, as Strouse is no longer incarcerated at Marion.[1] (*See* Doc. 6). He has been released to the supervision of the Residential Reentry Management Dallas field office. Because he is no longer incarcerated at Marion, Strouse can no longer benefit from the requested intervention by the Court related to disciplinary proceedings or his housing situation at Marion. *See Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018)(noting that an inmate on supervised release may pursue relief under § 2241 only is he can benefit from a favorable decision), *Spencer v. Kemma*, 523 U.S. 1, 7-8 (1998)( finding that a petition for habeas corpus may be moot if a petitioner's release leaves him without an actual injury "likely to be redressed by a favorable judicial decision."). As such, the Court finds his petition is now moot.

For all these reasons, James Strouse's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice** as **MOOT**. The Clerk of Court

---

[1] The Court has consulted the Bureau of Prisons website (www.bop.gov/inmateloc/) to ascertain Strouse's location and custody status and takes judicial notice of the information provided therein. *See generally Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994), *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003), *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006).

shall enter judgment reflecting the dismissal and shall close this case. The Clerk of Court also shall mail a copy of this Order to Petitioner James Strouse in care of the Dallas Residential Reentry Management Office.

**SO ORDERED.**

Dated: December 9, 2020

_____
DAVID W. DUGAN
United States District Judge